Matter of Bains (2025 NY Slip Op 04783)

Matter of Bains

2025 NY Slip Op 04783

Decided on August 27, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2022-02194 

[*1]In the Matter of Guljit Kaur Bains, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Guljit Kaur Bains, respondent. (Attorney Registration No. 2742518)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 19, 1996.

David W. Chandler, Brooklyn, NY (Susan Korenberg of counsel), for petitioner.
Law Office of Meredith Heller, PLLC, New York, NY, for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts commenced a formal disciplinary proceeding against the respondent by serving and filing a notice of petition dated July, 27, 2023, and a verified petition dated July 26, 2023, containing two charges of professional misconduct. The respondent served and filed a verified answer dated September 15, 2023, admitting the factual allegations but denying any violation of the Rules of Professional Conduct. By decision and order on application dated November 2, 2023, the matter was referred to the Honorable Arthur J. Cooperman, as Special Referee, pursuant to 22 NYCRR 1240.8(b)(1), to hear and report. In a report dated May 22, 2024, the Special Referee sustained both charges in the petition. By notice of motion dated July 11, 2024, the Grievance Committee moves to confirm the report of the Special Referee sustaining both charges of professional misconduct and to impose such discipline upon the respondent as the Court deems just and proper. The respondent submits an affirmation in support of confirming the Special Referee's report and to impose the sanction of a private admonition based on the mitigation submitted.
The Petition 
The respondent was a law partner in the law firm Ali & Bains, PC, and was a signatory on an escrow account at Chase Bank, titled "Ali & Bains, PC, Attorney Trust Account IOLA" with an account number ending in 5892 (hereinafter the escrow account).
Charge one alleges that between June 8, 2018, and March 2, 2020, the escrow account had a rolling shortage of up to $80,000 and escrow checks disbursed by the respondent during this period cleared against other client funds in the escrow account. Therefore, the respondent misappropriated funds entrusted to her as a fiduciary, incident to her practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Charge two alleges that the respondent failed to maintain required bookkeeping records for the escrow account by failing to maintain an accurate ledger or similar record showing the source of all funds deposited, the names of all persons for whom the funds were held, a description and amount of funds held, and the names of all persons to whom such funds were disbursed, in violation of rule 1.15(d) of the Rules of Professional Conduct.
The Hearing Record 
A hearing was held on March 19, 2024. No witnesses were presented by the Grievance Committee, and the Grievance Committee rested on the 11 exhibits entered into evidence, without objections, to prove its case in chief. The respondent testified on her own behalf and submitted the testimony of three character witnesses. The respondent testified about her legal experience, stating that she worked for the Department of Homeless Services for the City of New York and Administration for Children's Services prior to joining her brother, Tejinder Singh Bains (hereinafter Tejinder), and Shahid Ali in private practice at Ali & Bains, PC (hereinafter the law firm). The respondent stated that she was a partner at the law firm, working on family law cases as well as assisting Tejinder on civil litigation matters and Ali on immigration cases. The respondent appeared in court for a variety of cases that the law firm handled.
In 2014, after a Grievance Committee investigation into the escrow account, the law firm received a Dismissal with Advisement letter. In response to this incident, which the respondent stated she took very seriously, she spoke with Tejinder and Ali about the escrow account. The respondent understood that the law firm had retained a bookkeeper to prepare the law firm's taxes and to manage the escrow account, including performing reconciliations for the escrow account. The respondent believed that the bookkeeper did everything necessary to manage the escrow account and the bookkeeper would meet with Ali regularly. The respondent believed that Ali was a "very experienced real estate attorney" who was overseeing the escrow account and had actively sought out business to grow the firm. The respondent never was notified by Ali or the bookkeeper of a bank error where a check for $100,000 cleared as $180,000, causing an $80,000 shortage in the escrow account as alleged in charge one. The respondent asserted that she was also unaware of any irregularities in the escrow account and that personal funds were used to cover any deficits. The respondent testified that she reviewed the escrow account records once or twice a month, and she never saw anything irregular because the account always had a high balance. The respondent stated that she did not perform an audit or reconciliation of the escrow account but was only reviewing some individual client files to get a sense of the law firm's real estate cases. In reflecting on her misconduct, the respondent explained:
"This, you know, at the end of the day, and I've spent since this last two months I have spent about twelve hours a day looking at every scrap of paper that I could find in all of our files, our K drive. I looked at everything, I've read everything to see what went wrong. At the end of the day, I circle back to, I was a prosecutor at one time, I know that you are responsible, I am responsible for being a signator on an account and I am responsible for the clients that are in the real estate department, they are also my clients, and I should have protected them better. And I feel horrible, but I was a signator. . . . There is no reason why I should have relied on Mr. Ali, at all. We were busy in a practice, I trusted him because my brother trusted him, my brother's word means a lot to me, and I thought I could trust Mr. Ali as well. But that's not an excuse for failing to monitor the escrow account, escrow is the most important thing for an attorney and I didn't do that."
The respondent explained that she is upset with herself because her law license is a part of her and she values her ability to perform pro bono work. She has worked for United Sikhs on civil rights and human rights issues. She also has worked with the Autism Society, worked on LGBTQ+ issues, spoken at the United Nations, worked with various domestic violence groups, and has worked on cases concerning genocide and the Torture Victim Protection Act. Three character witnesses were called to testify in mitigation and the respondent provided eleven character affidavits in support of her good character and reputation.
The Special Referee's Report 
In a report dated May 22, 2024, the Special Referee sustained both charges and found that the respondent took full responsibility for her misconduct.
Findings and Conclusion 
In view of the evidence adduced at the hearing and the respondent's admissions, we find that the Special Referee properly sustained both charges. Accordingly, the Grievance Committee's motion to, inter alia, confirm the Special Referee's report is granted. In determining an appropriate measure of discipline, we have considered in mitigation, inter alia, the respondent's [*2]extensive pro bono work, the evidence of her positive character, her expressed remorse for her misconduct, her lack of venal intent as the initial shortage was caused by a bank error, and the remedial measures implemented to properly maintain the escrow account. Notwithstanding the mitigation advanced, we find that the respondent failed to honor her obligations as a fiduciary.
Under the totality of the circumstances, we find that the respondent's conduct warrants a public censure.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Guljit Kaur Bains, is publicly censured for her professional misconduct.
ENTER:
Darrell M. Joseph
Clerk of the Court